# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1487

_____

| | | |
|---|---|---|
| Jack R. Hammack; Shirley O. Hammack, | * * * | |
| Plaintiffs-Appellants, | * * | |
| v. | * * | Appeal from the United States District Court for the Western |
| James C. Lieber, Jr. | * * | District of Missouri. |
| Defendant-Appellee, | * * | [UNPUBLISHED] |
| Mark Twain Bank, of Kansas City, | * * | |
| Defendant. | * | |

_____

Submitted: April 10, 2000

Filed: April 19, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and ROSENBAUM,* District Judge.

_____

PER CURIAM.

Jack R. Hammack and Shirley O. Hammack (collectively the Hammacks) appeal an adverse grant of summary judgment in their diversity action against attorney James

_____

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

C. Lieber, Jr. to recover damages after losing their investment in unregistered farm securities. Contrary to the Hammacks' view that their complaint asserted claims against Lieber for breach of fiduciary duty and negligent and fraudulent misrepresentation, the district court concluded the Hammacks' claim was one for legal malpractice and granted summary judgment because the Hammacks failed to present expert testimony that Lieber's conflicts of interest breached the standard of care for attorneys in Missouri and that his malpractice caused their damage.

We review the district court's grant of summary judgment under a well-established standard. Because this is a diversity action, we review de novo questions of state law. After de novo review, we conclude the grant of summary judgment was proper for the reasons stated by the district court and the record supports the district court's ruling. We are also satisfied the district court did not abuse its discretion in denying the Hammacks' motion to name a legal expert nearly a year after the deadline for expert disclosure had passed and just two days before the closure of discovery. Because our review involves the application of established principles of state law and the parties' submissions show they are thoroughly familiar with the issues before the court, we conclude a comprehensive opinion in this diversity case would serve no useful precedential purpose. We thus affirm the district court without further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.